FILED

NOV 30 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

STEPHANIE ARANDA, the beneficiary
of the claim of Linda Clark, deceased;
LINDA CLARK,

          Plaintiffs - Appellants,

  v.

COMMISSIONER SOCIAL SECURITY
ADMINISTRATION,

          Defendant - Appellee.

No. 09-35774

DC No. 3:08-cv-0340 MA

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Malcolm F. Marsh, District Judge, Presiding

Submitted October 7, 2010[**]
Portland, Oregon

Before:    TASHIMA, PAEZ, and CLIFTON, Circuit Judges.

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]    The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

Stephanie Aranda, daughter of Linda Clark, appeals the final decision of the Commissioner of Social Security denying Clark's application for disability insurance benefits under Title II of the Social Security Act. We have jurisdiction under 28 U.S.C. §1291, and we reverse and remand for the calculation and payment of benefits.

Aranda contends that the administrative law judge ("ALJ") improperly rejected the opinions of Clark's treating psychiatrist, Dr. Suckow, in favor of the opinion of a non-treating psychologist, Dr. Stoltzfus. We agree. If a treating physician's opinion is contradicted by other substantial evidence, such as the opinion of an examining physician, it may be rejected only for specific and legitimate reasons supported by substantial evidence. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Here, the ALJ relied heavily on Dr. Stoltzfus' summary of Clark's Minnesota Multi Phasic Inventory ("MMPI") results, but failed to account for the fact that the MMPI was administered to Clark four and one-half years after her date last insured. While the time lapse does not render Dr. Stoltzfus' findings irrelevant, it detracts from their weight in a manner that the ALJ did not acknowledge. *See Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) ("After-the-fact psychiatric diagnoses are notoriously unreliable."). Moreover, the ALJ's assessment of Dr. Suckow's opinion was inadequate. When a treating

-2-

physician's opinion is contradicted by other evidence, the ALJ must assess its persuasiveness in light of specified factors, including the "length of the treatment relationship and the frequency of examination;" the "nature and extent of the treatment relationship;" and the treating opinion's consistency "with the record as a whole." *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007) (citing 20 C.F.R. § 404.1527(d)(2)(i)-(ii)). Here, the ALJ failed to apply these factors, which heavily favor Dr. Suckow's opinion. Dr. Suckow treated Clark for six years. His assessment of Clark's impairments was based on extensive observation, evaluation, and diagnosis. Dr. Stotlzfus, in contrast, met with Clark only once, four and one-half years after the relevant time period. Furthermore, Dr. Suckow's assessment of Clark's disabling symptoms comported with the findings of two other psychiatrists who diagnosed Clark with severe depression and found no evidence of malingering. Thus, the nature and duration of Dr. Suckow's treatment lends greater weight to his opinion, and the ALJ erred by assigning Dr. Suckow's opinion "little weight" without considering these points. *See id*.

For the foregoing reasons, we conclude that the ALJ's reasons for rejecting Dr. Suckow's opinion were not specific and legitimate.[1] We also conclude that remand for calculation of benefits is the appropriate remedy because the vocational expert testified that a person who suffered the impairments described in Dr. Suckow's opinion would have been completely disabled. *See Vasquez v. Astrue*, 572 F.3d 586, 600 (9th Cir. 2009); *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996).

We therefore reverse the judgment of the district court and remand with instructions that the district court reverse the Commissioner's denial of benefits and remand to the Commissioner for the calculation and payment of benefits based on an onset date of October 31, 1999.[2]

**REVERSED and REMANDED .**

---

[1] Although the dissent is critical of the majority's lack of concern over "the fact that Dr. Suckow did not begin treating Clark until July 1999, more than four years after her initial alleged onset date of March 31, 1995," the record is clear that Clark's actual onset date is October 31, 1999, *see* footnote 2, *infra*, which is three months after Dr. Suckow began treating Clark.

[2] Because the ALJ concluded that Clark was not disabled during the relevant period, he made no finding of an onset date. That date, however, is not controverted. Although Aranda originally alleged an onset date of March 31, 1995, she conceded before the ALJ, and continues to concede, that the correct date of onset is October 31, 1999. We accept this later date of onset for the calculation of disability benefits because it is consistent with the record of medical and work evidence.

No. 09-35774, *Aranda v. Comm'r Soc. Sec. Admin.*

CLIFTON, Circuit Judge, dissenting:

I respectfully dissent. The ALJ gave specific and legitimate reasons, supported by substantial evidence, to discredit the opinion of Clark's treating psychiatrist, Dr. Suckow, in favor of the opinion of Dr. Stoltzfus. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The ALJ incorporated by reference his January 30, 2004 decision denying Clark benefits. In that decision, the ALJ offered a host of specific and legitimate reasons to discredit Dr. Suckow's opinion. Those reasons were supported by the record and are not discussed by the majority.

The majority expresses concern that the ALJ failed to acknowledge that Dr. Stoltzfus examined Clark four-and-a-half years after her date last insured. The majority does not extend similar concern, however, to the fact that Dr. Suckow did not begin treating Clark until July 1999, more than four years after her initial alleged onset date of March 31, 1995, such that the claimant's evidence was subject to the same criticism. In that context, the failure of the ALJ to discuss the time lapse was not so surprising. More importantly, the claimant does not contend that Clark's condition improved prior to the examination by Dr. Stoltzfus, so the passage of time is not a persuasive reason to disregard his evaluation.

I would affirm the decision denying benefits.